JS-6

1

2

3

4

5

6

7

8     **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA**

10

11    ANDRES HERRERA Jr., Trustee          **Case No. CV 22-00373-DSF (RAO)**
      of The Andres Herrera Trust,

12
                         Plaintiff,          **ORDER REMANDING ACTION**
13                                           **AND DENYING APPLICATION TO**
              v.                             **PROCEED IN DISTRICT COURT**
14                                           **WITHOUT PREPAYING FEES OR**
      ALICIA FAVELA HERRERA, et             **COSTS**
15    al.,

16                       Defendant.

17

18                                    **I.**

19                      **FACTUAL BACKGROUND**

20          On September 13, 2021, Plaintiff Andres Herrera Jr., Trustee of the Andres

21    Herrera Trust, filed an unlawful detainer action in Los Angeles County Superior

22    Court against Defendants Alicia Favela Herrera and Andres Herrera, III.  *See* Dkt.

23    No. 1 ("Notice of Removal") at 10-12.[1]  Defendants are purportedly the occupants of

24    real property owned by Plaintiff and located in Covina, California.  *Id.* at 11.  Plaintiff

25    alleges that Defendants have failed to comply after being served a 30-day notice to

26    ///

27    _____

      [1]    For the sake of clarity, the Court refers to the page numbers inserted by the
28    Electronic Case Filing system.

1   quit and deliver up possession of the real property and seeks damages and fees. *Id.*

2   at 11-12.

3     Defendant Andres Herrera, III ("Defendant") filed a Notice of Removal on

4   January 19, 2022, invoking the Court's federal question jurisdiction. *Id.* at 2.

5   Defendant also filed an application to proceed *in forma pauperis*. Dkt. No. 2.

6   **II.**

7   **DISCUSSION**

8     Federal courts are courts of limited jurisdiction, having subject matter

9   jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.,*

10  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.

11  2d 391 (1994). It is this Court's duty always to examine its own subject matter

12  jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.

13  Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an

14  obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336

15  F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity

16  to respond when a court contemplates dismissing a claim on the merits, it is not so

17  when the dismissal is for lack of subject matter jurisdiction.") (omitting internal

18  citations). A defendant attempting to remove an action from state to federal court

19  bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d

20  925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal

21  jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

22    Defendant asserts that this Court has subject matter jurisdiction pursuant to

23  28 U.S.C. §§ 1331 and 1441 because Plaintiff has filed a federal question action in

24  state court. Notice of Removal at 2-3. Section 1441 provides, in relevant part, that

25  a defendant may remove to federal court a civil action in state court of which the

26  federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331

27  provides that federal "district courts shall have original jurisdiction of all civil actions

28  arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

1    Here, the Court's review of the Notice of Removal and the Complaint makes

2    clear that this Court does not have federal question jurisdiction over the instant matter

3    under 28 U.S.C. § 1441.  "The presence or absence of federal-question jurisdiction

4    is governed by the 'well-pleaded complaint rule,' which provides that federal

5    jurisdiction exists only when a federal question is presented on the face of the

6    plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386,

7    392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987).  Here, there is no federal question

8    apparent from the face of the Complaint, which appears to allege only a simple

9    unlawful detainer cause of action.  *See Wescom Credit Union v. Dudley*, No. CV 10-

10   8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful

11   detainer action does not arise under federal law.") (citation omitted); *IndyMac*

12   *Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL

13   234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack

14   of subject matter jurisdiction where plaintiff's complaint contained only an unlawful

15   detainer claim).

16   There is no merit to Defendant's contention that federal question jurisdiction

17   exists based on the Protecting Tenants at Foreclosure Act of 2009 ("PTFA").

18   Removal at 2-7.  The PTFA does not create a private right of action; rather, it

19   provides a defense to state law unlawful detainer actions.  *See Logan v. U.S. Bank*

20   *Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the

21   complaint because the PTFA "does not create a private right of action allowing

22   [plaintiff] to enforce its requirements").  It is well settled that a "case may not be

23   removed to federal court on the basis of a federal defense . . . even if the defense is

24   anticipated in the plaintiff's complaint, and even if both parties concede that the

25   federal defense is the only question truly at issue."  *Caterpillar Inc. v. Williams*,

26   482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987).  Thus, to the extent

27   Defendant's defenses to the unlawful detainer action are based on alleged violations

28   of federal law, those defenses do not provide a basis for federal question

3

jurisdiction.  *See id.*  Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

## III.

## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's application to proceed *in formal pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED:  January 21, 2022

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

4